JOHN F. LYFORD

*vs.*

CONNECTICUT FIRE INSURANCE COMPANY.

Somerset. Opinion November 26, 1904.

*Insurance. Contract. Assignment. Custom. Evidence.*

1. To recover insurance upon property the plaintiff must prove both an interest in the property and an existing contract of insurance at the time of the destruction or injury of the property.

2. A policy of fire insurance is a purely personal contract and is not annexed to the property insured therein. It is not merely suspended but is wholly terminated by a transfer of the property.

3. The fact that a policy of fire insurance bears upon its back a blank form of assignment, and the fact that the insurance company has heretofore uniformly approved the assignments and thereby made new contracts of insurance with the assignees, do not continue a policy in force for a day after the transfer of the property, and do not constitute any contract of insurance with the assignee in any other case. The approval of the insurance company must be actually obtained in any given case to constitute a contract with the assignee.

4. In this case the transfer of the property terminated the original contract of insurance and the approval of the assignment was not obtained from the insurance company. Hence no contract of insurance was made with the assignee.

VOL. XCIX 18

5.  In such case all questions of breaches of conditions in the policy and all questions of waivers of such breaches after the destruction of the property, are immaterial, because the policy itself was terminated and no new contract was made to be a basis for such questions.

On exceptions by plaintiff.    Overruled.

Assumpsit upon a policy of fire insurance issued by the defendant company to the plaintiff on May 15, 1900, against loss by fire, and fire caused by lightning, for the term of three years, covering $1350 on buildings and $450 on personal property.

August 31, 1901, the plaintiff sold and conveyed the farm on which were the insured buildings, and on the same day executed and delivered a deed thereof to the purchaser, and at the same time filled out and signed and sealed the usual printed blank form on the back of the policy transferring to the grantee all his interest in the insurance on the buildings, but retaining his interest in the insurance on the personal property.    There was evidence tending to show that the plaintiff, at time of executing the assignment, agreed to take the policy to the local agents of the defendant company (who issued it) for the written assent of the defendant company to the assignment.

September 7, 1901, a week after the aforesaid sale and conveyance, and while the plaintiff was still in occupancy of the premises, the buildings covered by the aforesaid policy were struck by lightning and burned together with certain personal property of the plaintiff likewise covered by the aforesaid policy.    Up to this time, the defendant company had not been notified of the aforesaid transfer of the aforesaid real estate, or of the assignment of the policy.

The defendant's agents were duly notified of the fire, and the plaintiff made proof of loss of the personal property destroyed, and informed the defendant's agents that he had sold and conveyed the real estate, on which were the insured buildings, before the fire and that his grantee would undoubtedly make proof of loss as to the buildings as the grantee was the owner of the same at the time of the fire.    Afterwards the defendant company offered to pay the plaintiff the amount of his loss on personal property, but refused to pay any part of the loss on the buildings.    Thereupon the plaintiff brought this suit.

At the trial it was admitted that the value of the buildings destroyed was $1350, and that the defendant company had proper proofs and sufficient notice. The plea was the general issue with a brief statement to the effect that the policy of insurance declared upon became void as to the buildings specified therein prior to the time of said fire for two reasons, viz: (1) "Because the plaintiff had sold said real estate including said buildings prior to the time of said fire without assent of said defendant in writing or in print as required by the terms and conditions of said policy." (2) "Because the policy of insurance so far as it covered said buildings was assigned by the plaintiff prior to the time of said fire without the assent of said defendant in writing or in print."

The plaintiff claimed that the printed blank form of assignment upon the back of the policy "became a part of the policy itself, modifying the conditions in such policy, and, on its face, contemplated and invited a sale of the property insured, and an assignment of the policy to the purchaser, before any consent of the company or its agents had been obtained, and was an invitation to every person holding the policy, and to every person proposing to purchase the property, to make the sale and assignment before obtaining such consent, and obtain such consent afterwards, within a reasonable time; that in accordance with such invitation it had always been the custom of the company and of the agents to allow sales of property and assignments of policies before any consent was obtained and to approve of them afterwards." Plaintiff offered to prove this custom by certain agents of the defendant company. The court excluded the evidence and plaintiff took exceptions.

After the plaintiff's evidence had been closed, the presiding justice, at the request of the defendant, directed a verdict for the plaintiff for the amount of the loss on personal property only. To this ruling the plaintiff also took exceptions. Plaintiff also took exceptions to certain other rulings made during the progress of the trial, but which are not material under the view of the case taken by the court.

*D. D. Stewart,* for plaintiff.

*Leslie C. Cornish and Norman L. Bassett,* for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J. Mr. Lyford, the plaintiff, while the owner of a certain lot of land and the buildings thereon, insured the buildings in the defendant insurance company. Afterward while the insurance policy was in force he conveyed the land and buildings to Mr. Brawn. A week after this conveyance the buildings were destroyed by fire. Nothing further appearing, it is evident the plaintiff cannot recover for the loss of the buildings because he had no interest in them at the time of the fire and suffered no loss. It is also evident that Mr. Brawn, the then owner and the sufferer of the loss, cannot recover of the defendant company for such loss because he had no contract with it. The defendant never agreed to indemnify him. The same objection applies to this action by Mr. Lyford, if for the benefit of Mr. Brawn. "A contract of insurance (life excepted) is an agreement by which one party for a consideration promises to pay money or its equivalent or do some act of value to the assured upon the destruction or injury of something in which the other party has an interest." R. S., ch. 49, sec. 1. In order to recover insurance, a plaintiff must have both an interest and an existing contract at the time of the destruction or injury of the property.

But the plaintiff seeks to avoid this conclusion by other circumstances, viz: On the back of the written policy of insurance was a blank form of assignment. At the time of the conveyance of the buildings Mr. Lyford filled out this blank form with an assignment to Mr. Brawn and signed and sealed it. He also promised Mr. Brawn to procure the assent of the company to this assignment, but did not do so, and did not apply for such assent. He claims that the printing this blank on the back of the policy was an invitation by the company to the assured to sell the property and assign the policy before obtaining the assent of the company, and was an assurance to the purchaser that he might purchase first and be sure of the company's assent if applied for within a reasonable time afterward. He offered to prove that it had been the custom of the company to allow

sales of property and assignments of the policies before any consent was obtained and to approve of them afterward. He further claimed that a reasonable time for applying for and obtaining this assent had not expired when the buildings were destroyed.

The contention is that under all these circumstances, assuming them proved, the policy of insurance remained in force and an action can be maintained upon it for the benefit of the owner of the property. This contention hardly meets the real question, which is whether before the fire the defendant company had made a contract of insurance with Mr. Brawn or for his benefit? The original contract was with Mr. Lyford for his benefit, and expired by operation of law as well as by its own terms when he parted with his interest. There was no longer any contract with him. That contract was not negotiable. On the contrary it was stipulated in the policy that its assignment without the written consent of the company should avoid it. It could not be transformed into a contract with Mr. Brawn or for his benefit until the assent of the company was obtained. That assent was never obtained, and never even applied for. It might have been withheld if applied for. The original contract with Mr. Lyford was a purely personal one. The law did not annex it to the property insured and no mere custom can so annex it, even for a limited time however short. However uniform the defendant's custom to assent in other cases with other persons, it might still decline to insure Mr. Brawn or to revive the policy for his benefit. After all is said that can be said in this case these facts remain patent: that the company stipulated that the policy should be void without its written assent; that before the fire it had no knowledge of the assignment and did not assent to it; that it had no knowledge of Mr. Brawn and made no contract to insure him. These facts are decisive against the plaintiff's contention.

The plaintiff advances two other propositions, viz: (1) that sundry acts and letters of officers and agents of the defendant company, after the fire, operated as a waiver of any forfeiture under the conditions of the policy; and (2) that the refusal of the defendant company to submit the question of damages to arbitration as required by the policy, let the plaintiff in to recover them directly on the policy.

Both of these propositions are outside of the case, because of the absence of any contract of insurance to which they can be applied, and hence they need not be considered. The only contract the company did make was with Mr. Lyford for his sole benefit, and that contract came to an end the moment he parted with his interest in the property insured. As already explained, no other contract was concluded.

It follows that the plaintiff cannot recover for himself nor for Mr. Brawn for the loss of the buildings. The rulings of the presiding justice to that effect were right, and the judgment must be,

*Exceptions overruled.*